```
                 IN THE UNITED STATES DISTRICT COURT
              FOR THE WESTERN DISTRICT OF PENNSYLVANIA


KEITH ROZZELLE,                    )
          Plaintiff,               )
                                   )
     v.                            ) Civil Action No. 98-1738
                                   ) District Judge Gary L. Lancaster
CHARLES ROSSI, Health Care         ) Magistrate Judge Amy R. Hay
Administrator; DOCTOR FALOR;       )
RAYMOND RAMSEY; and EMSA or        )
PRISON HEALTH SERVICES,            )
          Defendants.              )
```

**REPORT AND RECOMMENDATION**

**I.   RECOMMENDATION**

For the reasons that follow, it is respectfully recommended that the motion to dismiss filed by defendants Raymond Ramsay and Emergency Medical Services Associates (EMSA) (doc. no. 127) be denied.

**II.   REPORT**

Plaintiff, Keith Rozzelle, an inmate previously incarcerated at the State Correctional Institution at Greene (SCI-Greene) located in Waynesburg, Pennsylvania, commenced this action pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983. Plaintiff originally named as defendants three employees of the Pennsylvania Department of Corrections (DOC) at SCI-Greene: Charles Rossi, health care administrator; Steve Cubberly, counselor; Philip L. Johnson, superintendent; and two physicians at SCI-Greene:  Stanley Falor, M.D.; and Morris Harper, M.D., claiming that they violated plaintiff's rights as protected by

the Eighth and Fourteenth Amendments of the United States Constitution.

On June 11, 1999, defendants Rossi, Cubberly and Johnson filed a motion to dismiss and/or for summary judgment (doc. no. 10). On July 13, 1999, Plaintiff filed a response in opposition to the motion to dismiss (doc. no. 12) and a motion for summary judgment (doc. no. 13). On August 10, 1999, Defendants Falor and Harper filed a motion to dismiss and/or in the alternative motion for summary judgment (doc. no. 17) and a brief in support thereof (doc. no. 18). On April 22, 2000, District Judge Robert Cindrich granted summary judgment in favor of defendants Cubberly and Johnson and denied summary judgment as to defendant Rossi. In addition, Judge Cindrich granted Defendant Harper's motion to dismiss and denied Defendant Falor's motion to dismiss (doc. no. 24). Thereafter, Plaintiff appealed this Order to the Court of Appeals for the Third Circuit.

Following dismissal of his appeal, on October 31, 2000, Plaintiff filed a Motion for Leave to File an Amended Complaint (doc. no. 35). On September 28, 2001, Judge Cindrich granted Plaintiff's motion as to defendants Dr. Raymond Ramsey and Emergency Medical Services Associates (EMSA). On December 12, 2001, Plaintiff filed an Amended Complaint naming Ramsey and EMSA as additional defendants (doc. no. 67). The Amended Complaint was marked as "RECEIVED" by the Clerk of Court on December 12,

2001, but it was not docketed until September 30, 2002.  This Court's internal docket sheet reflects that on December 21, 2001, eight days after the Amended Complaint was received by the Clerk of Courts, Defendants EMSA and Ramsey filed a Motion to Dismiss and Brief in Support thereof; however, these documents were not given docket numbers.[1]  Also, no appearances were entered for Ramsey and EMSA.

On September 12, 2002, the case was transferred to Magistrate Judge Susan Paradise Baxter.  On Nov. 26, 2002, Magistrate Judge Baxter ordered, *inter alia*, that the Clerk's Office correct the docket to reflect that the Amended Complaint, with the attached original complaint, was filed on December 12, 2001 (doc. no. 70).   On December 16, 2002, Magistrate Judge Baxter ordered the United States Marshal Service to serve (or re-serve) Defendants Ramsey and EMSA in order that their counsel may enter an appearance and that their responses may be properly received by the Court (doc. no. 72).  On January 6, 2003, Magistrate Judge Baxter filed an Amended Order directing the US Marshal to mail a copy of the amended complaint, notice of lawsuit and request for waiver of service of summons, and waiver and this order to Defendants Ramsey and EMSA as directed by Plaintiff (doc. no. 73).  On January 22, 2003, the writs of

---

1.  These documents subsequently were docketed as doc. nos. 91 and 92.

summons were returned unexecuted as to both Ramsey and EMSA (doc. nos 74 & 75).

On April 3, 2003, Judge Cindrich *sua sponte* dismissed Plaintiff's Amended Complaint for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983 (doc. no. 80). Plaintiff filed an appeal. On November 8, 2004, the Court of Appeals affirmed the District Court Order entered March 22, 2000 granting summary judgment in favor of Defendants Johnson, Cubberly and Harper only and vacated the District Court Order dated April 3, 2003 dismissing the Amended Compliant.

Presently pending before the Court is a Motion to Dismiss the Amended Complaint filed by Defendants Ramsey and EMSA (doc. no. 127). For the reasons that follow, it is recommended that the Motion to Dismiss be denied.

### A. Standard of Review

Defendants Ramsey and EMSA have filed their motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). A motion to dismiss may be granted if, as a matter of law, it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations in the complaint. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Conley v. Gibson, 355 U.S. 41 (1957). The issue is not whether the plaintiff will prevail at the end but only whether he should be entitled to offer evidence to support his claim. Neitzke v.

4

Williams, 490 U.S. 319 (1989); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). The complaint must be read in the light most favorable to the plaintiff and all well-pleaded, material allegations in the complaint must be taken as true. Estelle v. Gamble, 429 U.S. 97 (1976). Moreover, a court must employ less stringent standards when considering *pro se* pleadings than when judging the work product of an attorney. Haines v. Kerner, 404 U.S. 519 (1972).

### B. Plaintiff's Allegations

Plaintiff's complaint concerns the medical care that he received while he was confined at SCI-Greene. Specifically, Plaintiff complains that he suffers from a skin disorder known as acute or severe acne. In 1990 and 1991, while he was confined at the State Correctional Institution at Frackville, Plaintiff received medical treatment from a dermatologist who treated his acne condition with a prescription drug known as Accutane. In 1994, while he was confined at the State Correctional Institution at Camp Hill, Pennsylvania, Plaintiff also received medical treatment from a dermatologist who treated his acne with Accutane. Plaintiff continued to receive Accutane for treatment of his acne following his transfers to the State Correctional Institution at Huntington and the State Correctional Institution at Cresson.

When Plaintiff was transferred to SCI-Greene in September of 1996, his ninety-day prescription for Accutane was sent from SCI-Cresson to SCI-Greene. Plaintiff received Accutane at SCI-Greene until sometime in early 1997 when his pre-existing supply was depleted. When Plaintiff inquired about receiving another prescription he was told by several nurses that his prescription for Accutane had been ordered and that he would receive it after it was shipped to the dispensary. Sometime thereafter, when Plaintiff asked Dr. Falor why his prescription for Accutane was taking so long to fill, Dr. Falor told him that he thought that Plaintiff was receiving the medication.

In late 1997, plaintiff was informed by Dr. Harper and physician assistant Brenda Howard that the prescription for Accutane had been discontinued because it was too expensive. Consequently, Plaintiff was treated with the prescription drug tetracycline and triple antibiotic ointment, which was prescribed by Dr. Falor. Plaintiff contends that the tetracycline was ineffective in treating his acne and caused him severe nausea on several occasions. In May of 1998, Dr. Falor recommended that Plaintiff be examined by a specialist. On May 17, 1998, the recommendation was approved and plaintiff was informed that he would be examined by a dermatologist within thirty days. On July 21, 1998, Plaintiff was examined by a dermatologist at Allegheny General Hospital (AGH). The report from the dermatologist

provides that Accutane should be considered for treatment of Plaintiff's acne. In addition, the report indicates that plaintiff was willing to pay for the Accutane prescription.

On July 24, 1998, Dr. Rossi responded to one of Plaintiff's grievances concerning his medical treatment. With respect to Plaintiff's request for Accutane, the response informed Plaintiff that lab work was ordered on July 22, 1998, to determine whether his liver function could tolerate the side effects of Accutane. The record contains copies of blood analyses that are dated July 24, 1998. These results contain Dr. Falor's stamp and several handwritten dates and initials.

In August of 1998, Plaintiff filed another grievance concerning the medical department's refusal to treat his acne condition with Accutane as recommended by the dermatologist. In a response dated September 26, 1998, Plaintiff was informed that Accutane was a "non-formulary medication," and that, "per the medication policy, all alternative medications on the formulary must be tried and deemed ineffective." The record contains copies of two separate documents titled "non-formulary request form," both dated August 31, 1998. Both of these forms appear to have been submitted for approval for the use of Accutane to treat Plaintiff's acne condition. Both forms indicate that Plaintiff experienced an adverse drug reaction or intolerable side effect from the use of two formulary alternatives, tetracycline and

neosporin.  In addition, the forms indicate that the two
formulary drugs did not treat Plaintiff's acne effectively and
that plaintiff suffered "marked scarring on face, back and
occipital scalp."  Both forms indicate that the use of Accutane
was requested by Dr. Falor.  In addition, each form contains what
appears to be a different signature on the "denied" line.  On one
form, the comment section next to the denial provides:  "Please
try Retin-A cream.  May have to use Minocycline if no
improvement."  On the other form, the comment section provides:
"Treat with oral antibiotics and topical antibiotics."

Plaintiff continued to request that he be given Accutane for
the treatment of his acne until he was transferred to SCIP in
July of 1999.

### C. Failure to Effectuate Proper Service

Defendants Ramsey and EMSA first claim that the Amended
Complaint should be dismissed against them because Plaintiff
failed to effectuate proper service in accordance with Fed. R.
Civ. P. 4.  Specifically, Rule 4(e), which governs service upon
individuals, provides in relevant part as follows.

> Unless otherwise provided by federal law,
> service upon an individual from whom a waiver
> has not been obtained and filed, other than
> an infant or an incompetent person, may be
> effected in any judicial district of the
> United States:
>
>> (1) pursuant to the law of the state in which
>> the district court is located, or in which
>> service is effected, for the service of a

> summons upon the defendant in an action brought in the courts of general jurisdiction of the State.

Fed. R. Civ. P. 4(e).

Rule 4(h) of the Federal Rules of Civil Procedure governs service upon corporations and associations and provides, in relevant part, as follows.

> Unless otherwise provided by federal law, service upon a domestic or foreign corporation ... and from which a waiver of service has not been obtained and filed, shall be effected:
>
>> (1) in a judicial district of the United States in the manner prescribed for individuals by subdivision (e)(1), or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant.

Fed. R. Civ. P. 4(h).

Under Pennsylvania law, service of process must be made by the sheriff. Pa. R. Civ. Proc. 400. Process upon an individual is made in the following manner:

> (1) by handing a copy to the defendant; or
>
> (2) by handing a copy
>
>> (i) at the residence of the defendant to an adult member of the family with whom he resides; but if no adult member of the family is found, then to an adult person in charge of such residence; or

>> (ii) at the residence of the defendant to the clerk or manager of the hotel, inn, apartment house, boarding house or other place of lodging at which he resides; or
>
>> (iii) at any office or usual place of business of the defendant to his agent or to the person for the time being in charge thereof.

Pa. R. Civ. Proc. 402. Service upon a corporation is made by handing a copy to any of the following persons provided the person served is not a plaintiff in the action:

> (1) an executive officer, partner or trustee of the corporation or similar entity, or
>
> (2) the manager, clerk or other person for the time being in charge of any regular place of business or activity of the corporation or similar entity, or
>
> (3) an agent authorized by the corporation or similar entity in writing to receive service of process for it.

Pa. R. Civ. Proc. 424.

A plaintiff is responsible for the completion of a summons and the service of a summons and complaint upon the defendant in an action. A summons must identify the court and parties, be directed to the defendant, and state the plaintiff's name and address if the plaintiff is appearing pro se. Fed. R. Civ. P. 4(a). Service of the summons and the complaint must be made on each defendant within 120 days after the filing of the complaint. Fed. R. Civ. P. 4(m).

Plaintiff was granted leave to proceed in forma pauperis in the present action. One of the benefits of proceeding IFP is that "[the officers of the court shall issue and serve all process, and perform all duties in such cases." 28 U.S.C. § 1915(d). Federal Rule of Civil Procedure 4(c) requires the Court to appoint a United States Marshal to effectuate service when the plaintiff is authorized to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

In the instant action, at the time he filed his Amended Complaint in this Court on December 12, 2001, Plaintiff mailed copies of his amended complaint to Defendants Ramsey and EMSA via United States mail. Both parties received the Amended Complaint as evidenced by their Motion to Dismiss the Amended Complaint filed on December 21, 2001. The only basis for dismissal asserted in that motion to dismiss was the statute of limitations.

The Court first must address the issue of waiver, which is required under the circumstances set forth in Federal Rules of Civil Procedure 12(g) and (h). Specifically, these rules preclude a second motion based on any Rule 12 defense or objection that the defendant could have raised in his or her original motion. Rule 12(h)(1) provides that a defense of lack of personal jurisdiction or defective service of process is waived if omitted from a Rule 12 motion or from a responsive

11

pleading.  Thus, the rules require a defendant to raise these defenses in its first "defensive move" or the defense is waived.

Here, as stated above, Defendants Ramsey and EMSA filed a Motion to Dismiss on December 21, 2001, asserting the statute of limitations as the sole basis for dismissal.  Because Defendants Ramsey and EMSA failed to assert the lack of proper service, it appears they waived this defense under F.R.C.P. 12(h)(1).  Notwithstanding, Rule 12(g) provides that the waiver rule applies only to defenses "then available."

In the case at bar, Defendants Ramsey and EMSA filed their first Motion to Dismiss on December 21, 2001, well before the expiration of the 120-day time limit for service set forth in Fed. R. Civ. P. 4(m).  Courts have recognized that a defense of insufficiency of service of process is not "available" before the expiration of the 120-day time limit because there exists the possibility that defendants would be timely served.  Consequently, defendants filing a 12(b)(6) motion did not waive this defense if it was filed during the 120-day time limit for effecting service.  See, e.g., Goodstein v. Bombardier Capital, Inc., 167 F.R.D. 662 (D. Vt. 1996); Kortman v. Guarini, 2005 WL 914746, *1 (E.D. Pa. April 19, 2005).  Notwithstanding, these courts also held that
defendants asserting lack of service in a subsequent motion filed after the limitations period for the underlying action had

expired "exalted form over substance" as it was very clear that the moving defendants actually received the complaints soon after they were filed.  Consequently, the plaintiffs were afforded a further period of time in which to complete service in accordance with Fed. R. Civ. P. 4(m).  See Goodstein, 167 F.R.D. at 667 (denying motion to dismiss based on ineffective service where defendant had actively participated in the case and relevant statute of limitations had expired); Kortman, same.

Defendants cannot demonstrate that they will suffer prejudice if the time for service is extended in this case as they were clearly on notice of the Amended Complaint eight days after it was filed as evidenced by their December 21, 2001 Motion to Dismiss. Given that the Defendants have had actual notice of the suit and have had adequate time to mount a defense, this Court concludes that it is preferable to resolve Plaintiff's claims against them on the merits

D. Limitations Period for Civil Rights Actions

Next, Defendants assert that Plaintiff cannot state a claim upon which relief may be granted against them because the statute of limitations lapsed before Plaintiff added them as Defendants in this action.   Plaintiff seeks recovery against Defendants under 42 U.S.C. § 1983.  The limitations period for civil actions

brought under 42 U.S.C. § 1983 is determined by state law.[2] Under Pennsylvania law, the applicable limitations period for civil rights actions asserted under 42 U.S.C.§ 1983 is two years. *See* 42 Pa. Cons. Stat. § 5524.

The date when a civil rights action accrues is a matter of federal law. Albright v. Oliver, 510 U.S. 266, 280 n.6 (1994) (J. Ginsburg, concurring). A claim accrues when the plaintiff becomes aware, or should have become aware, of both the fact of injury and its causal connection to the Defendant. *See* Delaware State College v. Ricks, 449 U.S. 250, 258 (1980) (it is the wrongful act that triggers the start of the limitations period); Keystone Ins. Co. v. Houghton, 863 F.2d 1125, 1127 (3d Cir. 1988) (a federal cause of action accrues when the plaintiff is aware, or should be aware, of the existence of and source of injury, not when the potential claimant knows or should know that the injury constitutes a legal wrong).

Here, Plaintiff alleges continuous violations of his constitutional rights through July of 1999. Plaintiff filed a Motion to Amended his Complaint to add Defendants Ramsey and EMSA on October 31, 2000 (doc. no. 35), "well within the limitations period." See Opinion of the Court of Appeals for the Third Circuit in this action at p. 11 (Nov. 5, 2004 (doc. no. 86).

---

2.  See Wilson v. Garcia, 471 U.S. 261, 272-76 (1985) (42 U.S.C. § 1983).

Thus, Defendants Ramsey and EMSA are not entitled to dismissal of the Amended Complaint on the basis of the statute of limitations.

### III. **CONCLUSION**

For the reasons set forth above, it is respectfully recommended that the Defendants' Motion to Dismiss Complaint (doc. no. 127) be denied.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report.  Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto.  Failure to timely file objections may constitute a waiver of any appellate rights.

                                        Respectfully submitted,

                                        /s/ Amy Reynolds Hay
                                        AMY REYNOLDS HAY
                                        United States Magistrate Judge

Dated:   5 May, 2006

cc:  Gary L. Lancaster
     United States District Judge

     Amy S. Cunningham, Esquire
     One Northgate Square
     P.O. Box 930
     Greensburg, PA 15601

     Kemal Alexander Mericli, Esquire
     Office of the Attorney General
     Civil Litigation Section
     564 Forbes Avenue
     6th Floor, Manor Complex

```
Pittsburgh, PA 15219

Joseph A. Macerelli, Esquire
Grogan Graffam
Four Gateway Center
12th Floor
Pittsburgh, PA 15222
```